**SO ORDERED.**

**SIGNED this 13th day of January, 2022.**



_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BRIAN CHRISTOPHER EWERT ) | Bankruptcy Case No. 18-10838 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| JAMES B. ANGELL, Chapter 7 Trustee ) | |
| For BRIAN CHRISTOPHER EWERT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 20-02017 |
| ) | |
| TARLTON POLK PLLC; SHANAHAN ) | |
| LAW GROUP, PLLC; and ART HALL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**OPINION AND ORDER**
**DENYING MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on December 16, 2021, to consider the Motion for

Summary Judgement [Doc. # 52] (the "Motion for Summary Judgment") filed by Plaintiff James

B. Angell ("Plaintiff" or "Trustee") on July 16, 2021. At the hearing, James Angell appeared on

1

behalf of the Plaintiff and Elliott Abrams and Raymond Tarlton appeared on behalf of Tarlton Polk PLLC ("Defendant"). After considering the Motion for Summary Judgment, the Brief in Support of the Motion for Summary Judgment [Doc. # 53], the Brief in Opposition to the Motion for Summary Judgment [Doc. # 54] and accompanying exhibits [Doc # 55], the arguments of counsel, and the record in this proceeding, the Court finds that there are issues of material fact such that summary judgment is not appropriate.

## BACKGROUND

Brian Ewert ("Debtor") commenced the underlying bankruptcy case by filing a petition for relief under chapter 11 on July 31, 2018. Debtor's case was thereafter converted to a chapter 7 by order of this Court dated November 20, 2018, at which time James Angell was appointed chapter 7 trustee. Trustee commenced this adversary proceeding on July 31, 2020 and filed an amended complaint on October 12, 2020 [Doc. #26] seeking to avoid and recover two transfers made to Defendant pursuant to 11 U.S.C. §§544, 548, & 550 and N.C. Gen. Stat. § 39-23.1 *et seq*.[1] The two transfers in question were both in the amount of $15,000, for a total of $30,000, and were made from ODDS, LLC, an entity wholly owned by Debtor, to the Defendant, for legal services for one Michael Campbell ("Campbell") for his cases in Wake County Superior Court in 2016 and 2017.

In the complaint, Trustee alleged that Debtor retained his personal funds in ODDS, LLC, such that the transfers to Defendant were an interest of the Debtor in property; that the transfers to Defendant were made within two years before the petition date; that Debtor received less than a reasonably equivalent value in exchange for the two transfers; and that Debtor was insolvent when the transfers were made. Defendant contends that the transfers in question were loans to

---

[1] Trustee's complaint also sought to avoid and recover transfers made to Art Hall and Shanahan Law Group, PLLC. Trustee has settled with those defendants. *See* Docket #49 & 50.

2

Campbell from Debtor or an entity in which Debtor was an owner. On July 16, 2021, Trustee filed this Motion for Summary Judgment.

## LEGAL STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Bankruptcy Rule 7056, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must view "the facts and inferences in the light most favorable to the non-moving party." *United States v. Leak*, 123 F.3d 787, 794 (4th Cir. 1997) (citing *Donmar Enters., Inc. v. Southern Nat'l Bank of N.C.*, 64 F.3d 944, 946 (4th Cir.1995)).

There is a genuine dispute of fact when the facts presented are sufficiently supported by evidence such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Making credibility determinations, weighing the evidence, and drawing legitimate inferences from the facts presented are not appropriate on a motion for summary judgment. *Id.* at 255. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.*

## DISCUSSION

In order for the Trustee to recover pursuant to 11 U.S.C. §§544 & 548, he must prove: 1) that the transfer was of an interest of the Debtor in property, 2) that the transfer occurred within two years before the date of the petition filing[2], 3) that the Debtor received less than a reasonably

---

[2] The second element, that the transfer occurred within two years before the date of the petition filing, need only be proven under 11 U.S.C. § 548. Under 11. U.S.C. § 544, through applicable North Carolina state law N.C. Gen. Stat. § 39-23.5, Trustee need only prove that the transfer occurred after the claim of the creditor arose.

equivalent value in exchange for the transfer, and 4) that the Debtor was insolvent on the date that the transfer was made. *See* 11 U.S.C. §§ 544 & 548; N.C. Gen. Stat. § 39-23.5.

It is undisputed that Defendant received transfers totaling $30,000 from ODDS, LLC for legal services to be performed on behalf of Campbell in his legal cases in Wake County Superior Court in 2016 and 2017 which was within two years before the date of the petition filing. However, there remain issues of material fact such that summary judgment is not appropriate. The most glaring issue of fact is whether the transfers in question were a gratuitous gift or a loan, which was then repaid by Campbell. If the transfers were gratuitous, it is possible that the Debtor did not receive reasonably equivalent value in exchange, however, if the transfers were in fact loans that were subsequently repaid by Campbell, there would be no outstanding property for the Trustee to recover. There is evidence that cuts in both directions.

Campbell's deposition is used by both the Plaintiff, as evidence that the transfers were gratuitous, and the Defendant, as evidence that the transfers constituted loans which have since been repaid. Plaintiff points to one section of Campbell's deposition where Campbell states: "No, he didn't loan me money. I worked for it." and "No, no I ain't never borrowed money." [Doc. #53, Exhibit G at page 23]. Defendant, however, points to a different section of Campbell's deposition in which he agrees that the $30,000 transferred to Defendant was money that Debtor paid on behalf of Campbell that Campbell then worked for Debtor to pay back. Campbell went on to state: "No gift, never a gift. I worked for it." [Doc. #53, Exhibit G at page 60].

The Defendant also uses the sworn affidavit of Campbell as evidence that the transfers were in fact loans that have since been repaid. The affidavit states: "These payments were loans, which I worked off and thus repaid." [Doc. #34, Exhibit 1]. Further evidence of the Defendant

that one of the $15,000 transfers was a loan is found in the ODDS, LLC corporate ledger. The memo line for one of the $15,000 transfers states "loan to MC per BE" with MC being Michael Campbell and BE being Brian Ewert. [Doc. #26, Exhibit A page 19].

Viewing the facts and inferences in the light most favorable to the Defendant, this Court must deny the Motion for Summary Judgment because the Defendant has presented facts sufficiently supported by evidence that creates a genuine dispute of material fact as to whether the transfers were gratuitous gifts or loans which were since repaid. To find otherwise, this Court would have to make credibility determinations, weigh evidence, and draw inferences from the facts presented, which is not appropriate on a motion for summary judgment.

Based upon the foregoing, the Trustee's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

[END OF DOCUMENT]

Parties list for 20-2017

Brian Christopher Ewert

801 Autumn Court

Raleigh, NC 27609

James B. Angell
*Serve via cm/ecf*

Raymond C. Tarlton
Tarlton Polk, PLLC
*Serve via cm/ecf*

William P. Miller
Bankruptcy Administrator
*Serve via cm/ecf*

Thomas W. Waldrep, Jr.
Francisco T. Morales
Waldrep LLP
*Serve via cm/ecf*

Elliot Abrams
Cheshier Parker Schneider, PLLC
*Serve via cm/ecf*